IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 16-556-CG-N |
| | ) |
| 0.24 ACRES MORE OR LESS, | ) |
| LOCATED IN SUMMERDALE, | ) |
| BALDWIN COUNTY, STATE OF | ) |
| ALABAMA; JAIME B. BURKETT, | ) |
| A/K/A/ JAIME B. GEBHART, et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER OF FINAL JUDGMENT ADOPTING SETTLEMENT AGREEMENT, RELEASE, AND STIPULATION OF JUST COMPENSATION

Upon consideration of the Settlement Agreement, Release, and Stipulation of Just Compensation filed in respect to the taking of a permanent Restrictive Easement over 0.24 acres of land at 22750 County Road 36, Summerdale, Baldwin County, Alabama, as more particularly described in the Amended Complaint (Doc 36) and Schedule "B" attached thereto (the subject property); and the Court being satisfied that the parties have agreed that the just compensation amount to be paid by plaintiff, the United States of America, for the taking of said interests, is the sum of $15,000.00; the Court

FINDS that the Defendants, Jaime B. Burkett f/k/a/ Jaime B. Gebhart, joined by Brian Burkett, her husband and MidFirst Bank, mortgagee are entitled to the amount stipulated hereto pursuant to and in accordance with the conditions set forth herein, and

IT IS ORDERED, ADJUDGED AND DECREED:

1. The United States filed a Complaint in Condemnation (Doc. 1) and Declaration of Taking (Doc. 3) on November 7, 2016, in the above-captioned case for condemnation of a permanent restrictive easement over 0.24 acres of property located at 22750 County Road 36, Summerdale, Baldwin County, Alabama, and more particularly described in the Amended Complaint and Schedule "B" attached thereto.

2. On November 9, 2016, Plaintiff deposited the amount of $4,100.00 into the registry of this Court. At that time, title to the property, to the extent set forth in the Declaration of Taking, vested in the United States by operation of law.

3. Pursuant to the settlement terms agreed to between the parties, the United States filed an Amended Complaint in Condemnation (Doc. 36) on August 2, 2017.

4. The parties have agreed that full and just compensation payable by the United States for the permanent Restrictive Easement shall be the sum of $15,000.00. This sum represents full and complete compensation for the estate taken, and it is further agreed that the said sum is in full satisfaction and release of all claims against the United States for the taking. Any claims or causes of action that exist or which hereafter arise between the parties other than just compensation for the permanent

Restrictive Easement or as provided for in this agreement, are not satisfied, released, or resolved by this agreement.

5. The parties have agreed that Defendant MidFirst (on behalf of Defendant Burkett) will make a motion to withdraw the previously deposited amount of $4,100.00, plus any accrued interest, to be payable solely to mortgagee MidFirst Bank, and that the remaining sum of $10,900.00 will be sent via check to MidFirst Bank from the United States. The United States will use its best efforts to make such payment within 30 days of the execution of the Court order approving this Settlement Agreement and Stipulation of Just Compensation, and will make the payment no later than 30 days of such execution.

6. Because this is a settlement of litigation, neither the entire settlement amount, nor each individual payment, may be construed as an admission by the United States or Defendants as to the market value of the interest in the subject property for any particular year.

7. Defendants Jaime B. Burkett and Brian Burkett warrant that they are the sole owners of the subject property, while MidFirst Bank warrants that it is the sole mortgagee of the subject property.  Per the terms of the Defendant's mortgage, MidFirst Bank has the exclusive right to the compensation herein, excepting the interests of parties having liens or encumbrances of record, and unpaid taxes and assessments.

8. In the event that any other party is ultimately determined by a Court of competent jurisdiction to have any right to receive compensation for the property taken in this case, Defendants shall refund into the registry of the Court the compensation distributed herein, or such part thereof as the Court may direct, with interest thereon at the rate of 52-week Treasury Bills, calculated in accordance with the provisions of 40 U.S.C. § 3116, from the date of receipt of the deposit by Defendants to the date of repayment into the registry of the Court.
9. The parties hereto shall be responsible for their own legal fees, costs and expenses, including attorneys' fees, consultants' fees and any other expenses.
10. It is contemplated that this Settlement Agreement, Release, and Stipulation of Just Compensation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document. This agreement may be recorded.
11. The persons signing this Settlement Agreement, Release, and Stipulation of Just Compensation warrant and represent that they possess full authority to bind the persons on whose behalf they are signing to the terms of the Settlement Agreement, Release, and Stipulation of Just Compensation.

12. This agreement is contingent upon the entry of an Order of Judgment in which the Court adopts the terms of this agreement and retains jurisdiction to enforce said terms, and the parties hereto consent to the entry of all orders and judgment necessary to effectuate this agreement.

13. This agreement was drafted by all parties and, thus, shall not be construed against any party.

14. The signatory parties hereto will take no appeal from any ruling or judgments made by this Court in this action.

15. The Court retains jurisdiction over this Order and the Settlement Agreement, Release, and Stipulation of Just Compensation.

**DONE and ORDERED** this 11th day of August, 2017.

/s/ Callie V. S. Granade
SENIOR UNITED STATES DISTRICT JUDGE